UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

IN RE LETTER OF REQUEST FROM THE         Case No. 1:22-cv-01009-CL
LOCAL COURT IN KUSEL, GERMANY

**OPINION and ORDER**

CLARKE, Magistrate Judge:

Petitioner United States of America has filed an *ex parte* Application[1] for Order Appointing Commissioner and Compelling Discovery (#1) pursuant to the Hague Evidence Convention[2] and 28 U.S.C. § 1782, so that Jordan Dimmick and Kristine Dimmick ("Respondents") can be compelled to produce evidence for use in a proceeding before a Local Court in Kusel, Germany ("German Local Court").[3] Having considered the Application, the supporting materials, and the relevant legal authority, the Court grants the Application.

---

[1] Although *ex parte* requests are generally disfavored because they disrupt the adversarial system, *an ex parte* application pursuant to § 1782 is an acceptable method for requesting discovery because it provides procedural safeguards. *See In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) (*ex parte* application acceptable because subpoenaed parties may raise objections and exercise their due process rights by motioning the court to quash the subpoenas); *IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) ("It is common for parties to file *ex parte* applications, as parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." (footnote and internal quotation marks omitted)); *see In re Judicial Assistance Pursuant to U.S.C. § 1782 ex rel. Macquarie Bank Ltd.*, 2014 WL 7706908 at *1 (D. Nev. June 4, 2014) ("1782 petitions are frequently reviewed on an ex parte basis.").

[2] T.I.A.S. No. 7444, 23 U.S.T. 2555, 1972 WL 122493 (Oct. 7, 1972). The Hague Evidence Convention is also reproduced as Exhibit B to the Application.

[3] The German court's request, officially translated by a sworn and certified court translator, is attached as Exhibit A to the Application.

Page 1 – Opinion and Order

## BACKGROUND

The German Local Court seeks evidence regarding an automobile accident, requesting testimony from Respondents. *See* Ex. A at 6. The German Local Court has requested the following information from Jordan Dimmick:

1. How did the accident at the town exit of Thallichtenberg in the direction of Pfeffelbach on 7/22/19 occur?
2. Were you intending to turn left into the driveway of Bahnhofstraße 1 (or into the driveway of a property)?
3. Did you activate your turn signal before the turning process? How long before the turning process did you activate the turn signal? In which direction did you activate the turn signal? Do you still have a concrete recollection of the activation of this turn signal and that it was activated to the left? Can you further describe why you still have a concrete recollection of it?
4. Did you get on the proper lane in the middle of the road with your car before the turning process? How long before the turning process had you already been on the proper lane in the middle of the road?
5. Did you pay attention to the traffic coming from behind during the turning process? How did you pay attention to the traffic coming from behind concretely? Did you notice the plaintiff's car in the process? From which point in time were you aware that the plaintiff's car was driving behind you? Did you notice that the plaintiff is overtaking you on the left or wants to overtake you on the left?
6. Before or during the turning process, in which order did you perform these actions: driving to the middle of the road, activation of the turn signal and paying attention to the traffic coming from behind?
7. If you noticed the plaintiff's car behind you before turning: Why did you still turn? Did the plaintiff want to overtake you on the left at that moment?
8. Did you slow down before the turning process, almost down to a standstill? While doing this, did you pull over and stop there on the right side of the road, i.e. bring the vehicle to a complete standstill? Did you move the car again making a curve just when the plaintiff wanted to pass you on your left?
9. Did you tell the plaintiff after the accident that you had lost your way and had wanted to turn around?

*See id.* The German Local Court has requested the following information from Kristine Dimmick:

1. How did the accident at the town exit of Thallichtenberg in the direction of

   Pfeffelbach on 7/22/19 occur?
2. Was the witness Jordan Dimmick intending to turn left into the driveway of Bahnhofstraße 1 (or into the driveway of a property)?
3. Did the witness Jordan Dimmick activate the turn signal before the turning process? How long before the turning process did he activate the turn signal? In which direction did he activate the turn signal? Do you still have a concrete recollection of the activation of this turn signal and that it was activated to the left? Can you further describe why you still have a concrete recollection of it?
4. Did the witness Jordan Dimmick steer the care into the proper lane in the middle of the road with your car before the turning process? How long before the turning process had you already been on the proper lane in the middle of the road?
5. Did the witness Jordan Dimmick pay attention to the traffic coming from behind during the turning process? How did he pay attention to the traffic coming from behind concretely? Do you know whether he noticed the plaintiff's car in the process? Did you notice that the plaintiff is overtaking you on the left or wants to overtake you on the left?
6. Before or during the turning process, in which order did the witness Jordan Dimmick perform these actions in your perception: driving to the middle of the road, activation of the turn signal and paying attention to the traffic coming from behind?
7. Did the witness Jordan Dimmick slow down before the turning process, almost down to a standstill? While doing this, did he pull over and stopped there on the right side of the road, i.e. bring the vehicle to a complete standstill? Did he move the car again making a curve just when the plaintiff wanted to pass you on your left?

*See* Ex. A at 7. The Government asserts that the Respondents have failed to respond to requests for this information voluntarily.

## DISCUSSION

I.   **The Hague Evidence Convention requires the Government to help German Courts to obtain evidence located in the United States for use in judicial proceedings in Germany.**

The Hague Evidence Convention, to which the United States and Germany are signatories[4] is a multilateral treaty that "prescribes certain procedures by which the judicial

---

[4] The United States ratified the Convention on August 8, 1972, and it entered into force on October 7, 1972. *See* 23 U.S.T. 2555, T.I.A.S. No. 7444, 1972 WL 122493; *see, e.g., In re Futurecorp Int'l Pty Ltd.*, 2012 WL 5818288 (N.D. Cal. 2012) (granting ex parte application for discovery pursuant to Hague Convention request for international judicial assistance and 28 U.S.C. § 1782). The Federal Republic of Germany ratified the Convention on April 27, 1979. *See* Hague Conference on Private International Law, *Status Table for Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, available at http://www.hcch.net/index_en.php?act=conventions.status&cid=82 (last visited

authority in one contracting state may request evidence located in another contracting state." *Société Nationale Industrielle Aérospatiale*, 482 U.S. 522, 524 (1987). In so doing, it attempts to "bridge the wide disparity between discovery techniques practiced in common law countries and in civil law countries." *In re Anschuetz & Co., GmbH*, 838 F.2d 1362, 1363 (5th Cir. 1988); *see Boreri v. Fiat S.p.A.*, 763 F.2d 17, 19 (1st Cir. 1985)

The German Local Court's request complies with the Convention's requirements because it includes the following four pieces of information:

1. The requesting authority's identity;
2. The names and addresses of the parties to the proceedings and their representatives;
3. The nature of the proceedings for which the evidence is required; and
4. The evidence to be obtained.

*See* Ex. B, art. 3.

In this case, the request indicates that the Local court in Kusel, Germany is currently considering the matter of an automobile accident. The request includes the addresses of the parties and their representatives and specifies the evidence to be obtained. *See* Ex. A.

The Government can refuse a proper Hague Evidence Convention request only if the request "does not fall within the functions of the judiciary" or the Government "considers that its sovereignty or security would be prejudiced" by executing the request. *See* Ex. B, art. 12. Neither exception applies here. *See* Ex. D. Simply put, this request seeks individual testimony that is routinely discoverable in domestic litigation. *See* Fed. R. Civ. P. 26(b)(1); *see also Patten v. Hall*, No. 2017 WL 6062258, at *6 (E.D.N.C. Dec. 7, 2017) (noting "routine" nature of Rule 26 interrogatories). If Respondents have no responsive information, they can attest to that fact. Accordingly, the Application satisfies the requirements of the Hague Evidence Convention.

October 4, 2022).

## II.     Federal law enables this Court to order Respondents to respond to the German Court's request for testimony.

Independent of the Hague Evidence Convention, 28 U.S.C. § 1782 authorizes federal courts to issue a discovery order in aid of foreign proceedings. *See* 28 U.S.C. § 1782; *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247-249 (2004) (discussing the history, purpose, and text of 28 U.S.C. § 1782). A § 1782 request is proper if:

1. The request or letter rogatory is made by a foreign or international tribunal or other interested person;

2. The request is made to the district court of the district in which the target person resides; and

3. The request seeks the target person's testimony or statement, or the production of documents, for use in a proceeding in a foreign or international tribunal.

*See* 28 U.S.C. § 1782(a); *Intel*, 542 U.S. at 246; *In re Judicial Assistance Pursuant to 28 U.S.C. § 1782 by Macquarie Bank Ltd.*, 2015 WL 3439103, at *4 (D. Nev. May 28, 2015) (reciting the three elements of 28 U.S.C. § 1782).

The foreign request is proper in this case. It is duly made by a Local court of the Federal Republic of Germany; it is directed to Respondents that reside in the District of Oregon; and it seeks testimony for use in proceedings pending in the German court. The Court thus has discretion to issue an order to aid the German court. *See Intel*, 542 U.S. at 246.

Next, as long as the discovery does not violate any legally applicable privilege, "a district court is free to grant discovery in its discretion." *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83-84 (2d Cir. 2004) (citation and internal quotation marks omitted); 28 U.S.C. § 1782(a). The Government asserts that the information is subject to no apparent legal privilege. Therefore, in exercising its discretion, the court considers four factors, known as the "*Intel*

factors":

> (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government, or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the discovery request is an attempt to circumvent proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the discovery is unduly intrusive or burdensome.

*Husayn v. Mitchell*, 938 F.3d 1123, 1129 n.9 (9th Cir. 2019) (quoting *Intel*, 542 U.S. at 264-65). "Although the Court individually analyzes each discretionary factor, they are not stand-alone categorical imperatives but rather involve overlapping considerations, which are considered collectively by the court." *In re Appl. of Joint Stock Co. Raiffeinsenbank*, No. 16-mc-80203-MEJ, 2016 WL 6474224, at *4 (N.D. Cal. Nov. 2, 2016) (citation and internal quotation marks omitted). Additionally, the court must exercise its discretion with the "twin aims" of § 1782 in mind: (1) "providing efficient assistance to participants in international litigation," and (2) "encouraging foreign countries by example to provide similar assistance to our courts." *Intel*, 542 U.S. at 252 (internal quotation marks omitted).

All four factors weigh in favor of ordering discovery. First, the German Local court has no jurisdiction over Respondents in Oregon, and thus cannot obtain the requested evidence without § 1782 assistance. Second, the request was made pursuant to the Hague Evidence Convention that the Federal Republic of Germany ratified, establishing that the German court is receptive to U.S. federal court assistance and acting consistent with German law. Finally, the request is limited in size and scope, seeking only specific information material to the outcome of the foreign court proceeding. It is not unduly intrusive or burdensome.

As for procedure, the Court has discretion to commission a person to collect evidence and submit it to the requesting foreign court. *See* 28 U.S.C. § 1782(a) ("The order may ... direct that

the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court."). The court-appointed commissioner can "administer any necessary oath and take the testimony or statement." *Id.* District courts regularly commission magistrate judges to execute § 1782 requests. *See, e.g.*, H. Doc. No. 92-124, 92d Cong., 1st Sess., p.20 (1971) (noting that the appointment of commissioners for purposes of executing foreign evidentiary requests is common and approved by the Judicial Conference). This district has previously appointed AUSA Jared Hager to collect responsive documents from Wells Fargo to comply with a Hague Evidence Convention request. *See In re Letter of Request from District Court in Piaseczno, Poland*, No. 3:19-cv-01968-YY, Dkt. 4, Order (D. Or. Dec. 12, 2019).

## CONCLUSION

In light of the foregoing analysis, the Court finds that petitioner has established the requirements of the Hague Evidence Convention, as well as the statutory requirements of 28 U.S.C. § 1782, and that the discretionary *Intel* factors weigh in favor of granting the Application.

Accordingly, the Court GRANTS petitioner's Application, appoints AUSA John Coit as Commissioner, and authorizes AUSA Coit to obtain the requested information from Respondents. A copy of this order shall be included with the subpoena, which must include a return date of at least 21 days to allow Respondents an opportunity to contest the subpoena.

IT IS SO ORDERED and DATED this 5 day of October, 2022.

MARK D. CLARKE
United States Magistrate Judge